Steven **VASQUEZ,** Petitioner–Appellant,

v.

William **DUNCAN,** Warden, Respondent–Appellee.

No. 00–15375.
D.C. No. CV–98–01572–SI.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 15, 2003.*

Decided Sept. 22, 2003.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Vasquez's request for oral argument is denied.

Eugene Illovsky, Morrison & Foerster, LLP, Walnut Creek, CA, Steven Vasquez, pro se, San Luis Obispo, CA, for Petitioner–Appellant.

George F. Hindall, III, Agca–Office of the California, Attorney General, San Francisco, CA, for Respondent–Appellee.

Before B. FLETCHER, SILVERMAN and WARDLAW, Circuit Judges.

## MEMORANDUM**

California state prisoner Steven Ray Vasquez appeals the district court's denial of his 28 U.S.C. § 2254 habeas corpus petition, challenging his 1995 conviction and sentence for heroin possession, being under the influence, and unlawful driving or taking of a vehicle. We have jurisdiction pursuant to 28 U.S.C. § 2253. We affirm.

Vasquez contends that the California state court violated his due process rights when it failed to hold a hearing on the voluntariness of his statements to a police officer while Vasquez was under the influence of heroin.

Assuming, without deciding, that the state trial court's actions violated Vasquez's rights to a hearing on whether his statements were voluntary, Vasquez nonetheless failed to demonstrate that the admission of these statements affected the outcome of the trial in light of the overwhelming evidence in support of his conviction. *See Brecht v. Abrahamson,* 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993) (holding that petitioners are entitled to habeas relief only if a trial-type error, in light of the record as a whole, had a substantial and injurious effect or influence on the jury's verdict). The district court therefore properly denied Vasquez's petition. *See* 28 U.S.C. § 2254(d); *Woodford v. Visciotti,* 537 U.S. 19, 27, 123 S.Ct. 357, 154 L.Ed.2d 279 (2002) (per curiam) (stating that the federal habeas scheme "authorizes federal-court intervention only when a state-court decision is objectively unreasonable").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

